IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00791-BNB

JOSE DIAZ-FONTANEZ,

    Applicant,

v.

C. DANIELS, Warden,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Jose Diaz-Fontanez, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. He initiated the instant action by filing *pro se* on March 27, 2013, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). He has paid the $5.00 filing fee.

    On April 2, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 6) directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On May 3, 2013, Respondent filed a preliminary response (ECF No. 14). On May 30, 2013, Mr. Diaz-Fontanez filed a reply (ECF No. 15) to the preliminary response.

    The Court must construe liberally the filings of Mr. Diaz-Fontanez because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

Mr. Diaz-Fontanez was convicted in the United States District Court for the District of Puerto Rico in *United States v. Diaz-Fontanez*, No. 97-cr-00071-PG.  He asserts a single claim that the BOP has failed to provide credit toward his sentence for time he served between April 11, 1997, and June 14, 2002.  ECF No. 1 at 4.  Respondent argues that the claim should be dismissed for failure to exhaust administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because he adjudicative system can function properly without imposing some orderly structure on the course of its proceedings."  *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Burgess.  *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally (BP-8) and then completing all three formal steps by filing an administrative remedy request

2

with institution staff (BP-9) as well as regional and national appeals (BP-10 and BP-11). *See* 28 C.F.R. §§ 542.13 - 542.15. Inmate appeals must be accompanied by copies of their administrative filings and responses at lower levels. *See* 28 C.F.R. § 542.15(b)(1).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

Mr. Diaz-Fontanez has only partially exhausted BOP administrative remedies regarding his asserted claim. Mr. Diaz-Fontanez filed a BP-9 regarding the claim on March 22, 2013, only five days before he filed his habeas corpus application in this

Court. ECF No. 14, ex. A at 6, ¶ 18. After the BP-9 was denied on April 4, 2013, Mr. Diaz-Fontanez appealed by filing a BP-10 with the regional director on April 10, 2013. ECF No. 14, ex. A at 6, ¶ 19. On April 24, 2013, the regional director denied the BP-10. *Id.* Respondent contends Mr. Diaz-Fontanez has not yet appealed that denial by filing a BP-11 with the general counsel. *Id.* An appeal to the general counsel is the final administrative appeal. *See* C.F.R. § 542.15(a). ECF No. 14, ex. A at 6, ¶ 20. Mr. Diaz-Fontanez disagrees and contends that on May 14, 2013, he filed a BP-11, which currently is pending disposition. ECF No. 15 at 6. Because his BP-11 currently is pending disposition with the Central Office, Mr. Diaz-Fontanez has not exhausted all BOP administrative remedies before seeking federal court intervention through the instant habeas corpus application. The application will be dismissed for failure to exhaust.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Diaz-Fontanez files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that habeas corpus application is denied and the action dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  31st  day of  May , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court